HERGET, Judge.
This is a suit in tort resulting from injuries sustained by Jerry Elbert, Jr. on October 6, 1961. Plaintiff, Jerry Elbert, Jr. was traveling northerly in a GMC pickup truck on the Scenic Highway, a four lane northerly-southerly main artery into and out of the City of Baton Rouge, two lanes for travel in each direction with a broad yellow line or a raised neutral ground separating the two routes. The Defendant, Bernard Turner, Jr. was preceding Plaintiff in the outside or right lane of Scenic Highway. A vehicle described as an old model Ford automobile, driven by an unknowm driver, either entered Scenic Highway from Beech Street, turned right and stopped about two car lengths from the intersection or was proceeding along Scenic Highway in the outside lane and stopped to discharge a passenger just after passing through the intersection of Scenic Highway and Beech Street. There is a semaphore light at the intersection.
Elbert brought suit against Turner and his liability insurer, State Farm Mutual Automobile Insurance Company, for $210,-484.02. From a judgment of the Trial Court awarding judgment in favor of Plaintiff against Defendants, Bernard Turner, Jr. and State Farm Mutual Automobile Insurance Company, for alleged injuries sustained by Plaintiff to his back in the sum of $3,000 and special damages of $1,897.81 both Plaintiff and Defendants appealed.
The Trial Court found, and it is apparent from the evidence, Turner saw or should have seen the driver of the Ford vehicle stop in ample time whereby he, Turner, could have stopped his vehicle rather than veer to his left, enter the inside lane on which Elbert was proceeding at a time Elbert was in no position to avoid colliding with the Turner vehicle. Following the collision witih the Turner vehicle the bumpers of the cars locked and Mr. Turner’s car carried Plaintiff’s truck across the center line and into the path of an oncoming southerly driven car of Mr. Joseph Dyer, Jr. Dyer was afforded no opportunity to avoid striking Plaintiff’s vehicle.
In our opinion Mr. Turner was negligent in failing to timely take notice of the Ford car which had stopped in front of him and had discharged a passenger. His action in entering the lane of traffic occupied by Elbert without notice and at a time when Elbert had no opportunity to avoid striking him was the proximate cause of the injuries for which Plaintiff seeks redress.
*739 For the injuries sustained by Plaintiff, the Trial Judge awarded damages, itemized as follows:
Injuries to back $3,000.00
Loss of wages 1,000.00
Damage to automobile 51.50
Medical expenses as follows:
Baton Rouge General Hospital 259.25
Dr. Heinz K. Faludi 135.00
Doctor’s Hospital 100.00
Dr. I. L. George 230.00
Dr. David S. Malen 35.00
Snell’s Limbs & Braces 51.51
Medicine & Drugs 35.55
$4,897.81
and fixed the fees of the expert medical witnesses, Doctors Heinz K. Faludi and I. L. George at the sums of $65.00 and $50.00 respectively, and taxed same as costs.
Plaintiff appealed from the judgment maintaining the Trial Court had erred in not awarding Plaintiff the full amount of the medical expenses which were proven at the trial; in not allowing Plaintiff expenses incurred in transportation from his home to his physician’s office; in awarding an inadequate award for the physical injuries incurred by Plaintiff; in not awarding a specific amount for pain and suffering ; and in awarding an inadequate amount for Plaintiff’s loss of wages.
The Defendants in their appeal maintain the Trial Judge erred in finding Defendant, Turner, negligent and failing to find Plaintiff guilty of contributory negligence and in making an excessive award to Plaintiff who allegedly suffered only minor injuries.
From the evidence we are of the opinion Plaintiff has greatly exaggerated the extent of his alleged injuries. At the time of the accident Plaintiff related he felt no pain and at that time did not know he was hurt. However, the next day after the accident he consulted Dr. I. L. George, an orthopedic surgeon, who was of the opinion Plaintiff had suffered a lumbosacral strain and prescribed medical treatment for such diagnosis. Plaintiff was very obese and was advised to lose weight
Mr. Elbert described his duties with Grace as that of “occupation serviceman”. Mr. Thomas Carney, maintenance supervisor of W. R. Grace and Company testified Elbert did cleaning and janitorial work. However, he was required to handle chemicals and finished products in 50 pound bags to be loaded in box cars and trucks.
Mr. Carney further testified on November 6, 1961 Plaintiff returned to work with Grace following his release by Dr. George to Dr. Dejean, the company doctor, who executed an unrestricted release on a standard form to the effect Plaintiff could perform his duties with Grace. However, upon his return on November 6th Plaintiff worked only part of a day, complaining he could not perform the duties assigned to him and did not return subsequent thereto.
Plaintiff also consulted Dr. Heinz K. Faludi specializing in neurological surgery who diagnosed Plaintiff’s injuries as a low back sprain, lumbosacral and right sacroiliac area. He recommended a low back support and that Elbert be given physiotherapy to low back areas at intervals and that he be treated with analgesic drugs. Dr. Faludi was of the opinion Plaintiff— who was 27 years of age, 6 feet tall and weighed 226 pounds — was overweight and he prescribed dietary measures. Being of the opinion there was a remote possibility Elbert had a herniated disc a myelogram was performed and found to be negative.
Plaintiff was treated by Dr. I. L. George for his alleged complaints and he testified his diagnosis in the case has always been Plaintiff suffered a lumbosacral strain. He was of the opinion it was most unusual for the symptoms to persist for the length of time Plaintiff complained. In an effort to alleviate his condition Plaintiff was given medical treatment which he described as, “Yes, he had about the works”, meaning *740 traction, diathermy, ultrasound and extensive x-ray to eliminate any question of fracture. Dr. George related six weeks after the accident he released Plaintiff to do light work as he was of the opinion same would be beneficial to him. Plaintiff testified when he returned to the plant he was examined by Dr. Dejean and given an unrestricted release and that his supervisor, Mr. Carney, told him there was no light work at the plant. Plaintiff did not describe the duties he performed upon his return to the plant but left after only a few hours complaining he was unable to work. Dr. George also had admonished Plaintiff he should lose weight but was unsuccessful in getting him to do so. It thus appears Plaintiff’s complaint of pain is unjustified.
Plaintiff was examined by Dr. F. C. Mc-Mains, an orthopedic surgeon, about four months after the accident, on February 21, 1962. His opinion was Plaintiff sustained no orthopedic injuries which would prevent his returning to work at that time. He did not find Plaintiff to be suffering from any disability as a result of the accident and so advised him of his findings.
As stated supra, we are of the opinion Plaintiff exaggerated his alleged injuries. In consequence of this accident he has proved only he sustained a lumbosacral strain for which an award of $3,000.00 is adequate. In addition he is entitled to judgment for loss of wages of $1,000.00; damages to his automobile of $51.50; and the following medical bills:
Baton Rouge General $415.25
Dr. Heinz K. Faludi 210.00
Doctor’s Hospital in Shreveport 100.50
Dr. I. L. George 300.00
Drs. Malen & Woolfolk 70.00
Snell’s (back brace) 51.50
Medicine and drugs 37.84 Transportation from home to
Physician’s Office and back 117.20
or a total of $5,353.29.
For these reasons judgment is rendered in favor of Plaintiff and against Defendants, Bernard Turner, Jr. and State Farm Mutual Automobile Insurance Company in solido, in the total sum of $5,353.29, together with interest from date of judicial demand until paid and costs of Court, and fixing the fees as medical experts of Dr. Faludi at $60.00, as testified to by him and Dr. George at $50.00 and taxing same as costs, to be paid by Defendants.
Amended and affirmed.